IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY GUTIERREZ-ANDRADE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-102-GPM |
| | ) |
| LISA J.W. HOLLINGSWORTH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion) brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his confinement in the Special Management Unit (SMU)[1] at USP-Marion.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

---

[1] Plaintiff also refers to this as the "Special Confinement Unit" and the "Special Housing Management Unit." For the sake of consistency, this Court will refer to Petitioner's current place of confinement at USP-Marion as the Special Management Unit, or SMU.

**THE PETITION**

In November 2008, Petitioner and four other inmates assaulted and beat another inmate. Petitioner was charged and found guilty, after a disciplinary hearing, of violating institutional rules. As punishment, Plaintiff was given the following sanctions: (1) 30 days of disciplinary segregation; (2) loss of 27 days of good time credit; and (3) a recommendation for disciplinary transfer.

Liberally construing the petition, it appears that Petitioner remained in segregation well beyond 30 days. In August 2009, Petitioner was placed in the SMU. Although Petitioner has been told that he will be transferred – as indicated by the disciplinary actions – Petitioner has not yet been transferred to a different institution.

In the instant habeas corpus petition, Petitioner does not challenge the process he received in connection with the disciplinary action. Petitioner does not challenge the finding that he assaulted a fellow inmate. He does not claim that he was provided insufficient notice of the charges against him or an insufficient opportunity to present a defense. Petitioner does not appear to seek the reinstatement of the good time credit he lost as a result of the disciplinary action. Instead, Petitioner claims that: (1) he was held in disciplinary segregation longer than specified by the "sentence" imposed by the disciplinary hearing officer and longer than permitted by Federal Bureau of Prisons (BOP) regulations and (2) his confinement in the SMU violates the Equal Protection Clause because none of the other inmates involved in the assault has been placed in the SMU. For relief, Petitioner seeks an order invalidating his "designation to the Special Housing Management Unit and … order[ing] the BOP to transfer [him] to another … institution."

**DISCUSSION**

At the outset, this Court must independently evaluate the substance of Petitioner's claim to

determine if the correct statute – in this case 28 U.S.C. § 2241 – is invoked. *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody– whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *accord Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn*, 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Pischke*, 178 F.3d at 499; *Graham*, 922 F.2d at 381.

In this case, Plaintiff is seeking a change in location of his confinement – either out of the SMU into another part of USP-Marion or, preferably, to another correctional institution. As such, Petitioner is challenging the conditions of his confinement (i.e., that he is under more restrictions than other inmates) and not the fact of confinement. Thus, Petitioner must bring his claims in a civil rights action, not an action under § 2241.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has held that district courts should not do this. *Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast Petitioner's action

here because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996).  *See generally* 28 U.S.C. § 1915.  Specifically, Petitioner would be responsible for paying a much higher filing fee.  Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Therefore, the Court will not re-characterize the instant habeas petition as a complaint under 42 U.S.C. § 1983.

### DISPOSITION

For the foregoing reasons, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED:  09/16/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
